**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| TABITHA TANNER, on behalf of herself and all others similarly situated, | ORIGINAL COMPLAINT |
| *Plaintiff*, | |
| vs. | Case No.: |
| EMPIRE FINANCE, CO. LLC, | |
| *Defendant*. | |

## I.  SUMMARY

1. Plaintiff Tabitha Tanner (Tanner) brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act (FLSA) against Defendant Empire Finance Co. LLC (Empire).

2. Empire failed to pay Tanner and other workers like her overtime for all hours worked in excess of 40 in a workweek at 1.5 times their "regular rate" as required by the FLSA.

3. Tanner brings this collective action to recover unpaid overtime and other damages.

## II.  JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since a significant portion of the facts giving rise to this lawsuit occurred in this District.

6. Empire maintains an office in this District.

7. Tanner performed worked for Empire in this District.

8. Tanner resides in this District.

## III.  THE PARTIES

9. **The FLSA Employees.** This Collective Action is maintained under 29 U.S.C. § 216(b) on behalf of all former, present, and future employees of Empire who have been, are and/or will be employed as Store Managers during the time period March 28, 2016 through the trial of this action.

10. **Plaintiff Tabitha Tanner.** Tanner worked for Empire as a Store Manager at an Empire retail loan branch in Sullivan, Missouri from April 2014 through December 2018.

11. From the beginning of her employment through May 2018, Tanner was paid a salary of $480 per week ($12 per hour for a 40-hour week), plus overtime at the rate of $6.00 per hour.

12. Beginning in June 2018, Empire began to correctly pay Tanner overtime at the rate of $18.00 per hour.

13. Tanner's consent to be a party plaintiff is attached as Exhibit A.

14. Tanner brings this action on behalf of herself and all other similarly situated.

15. **Defendant Empire Finance Co. LLC.**  Empire is a Missouri corporation with its corporate office located at 328 E Carl Albert Pkwy, McAlester, OK 74501.

16. Empire may be served with process through its registered agent: Joel Goodwin, 523 Jeffco Blvd., Arnold, MO 63010.

## IV.  COVERAGE UNDER THE FLSA

17. Empire is a member of the "Wallace Management Co. Family of Personal Loan Companies."[1]

18. Empire is in the business of small consumer loans.

19. For at least the past three years, Empire has been an employer within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d).

---

[1] *See* http://www.wallacemgt.com/.

20. For at least the past three years, Empire has been part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

21. For at least the past three years, Empire has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person – including cell phones and computers – and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

22. For at least the past three years, Empire and the FLSA Employees were engaged in commerce or in the production of goods for commerce.

## V.  FACTS

23. Empire operates at least 40 retail small consumer loan branches in Missouri, Oklahoma, and New Mexico.

24. Each retail small consumer loan branch is staffed with a Store Manager and one other employee.

25. Prior to June 2018, Store Managers at each of the retail small consumer loan branches were paid a salary and were paid overtime at one-half of their effective hourly rate, calculated by dividing their salary by 40.

26. For example, Tanner was paid a salary of $480 per week.[2]

27. Tanner's effective hourly rate – her $480 weekly salary divided by 40 – was $12 per hour.

---

[2] Tanner was paid a bi-monthly salary of $1040.00. This is the equivalent of a weekly salary of $480.00 ($1040 * 24 bi-monthly payments = $24,960 annual salary, divided by 52 weeks = $480).

28. Tanner was paid overtime for hours in excess of 40 hours per workweek at the rate of $6.00 per hour.

29. Thus, Tanner and the FLSA Employees were not paid 1.5 times their regular rate as required by the FLSA. 29 U.S.C. § 207(a)(1).

30. In June 2018, Empire began properly paying Tanner and the FLSA Employees overtime for hours worked in excess of 40 hours per workweek at 1.5 times their regular rate.

31. For example, in June 2018 Wallace and Empire began paying Tanner overtime for hours worked in excess of 40 hours per workweek at the rate of $18.00 ($12 x 1.5) per hour.

32. Nonetheless, Empire did nothing to correct their earlier violations of failing to pay Tanner and the FLSA Employees overtime for hours worked in excess of 40 hours per workweek at 1.5 times their regular rate.

## VI.  FLSA VIOLATIONS

33. As set forth herein, Empire has violated section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than 1.5 times the regular rates for which they were employed.

34. Empire knowingly, willfully, or in reckless disregard of their obligations under the FLSA carried out this illegal pattern or practice of failing to pay Tanner and the FLSA Employees proper overtime compensation.

35. Empire's failure to properly pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

36. Accordingly, Tanner and the FLSA Employees are entitled to proper overtime wages under the FLSA in an amount equal to 1.5 times their regular rate of pay, plus liquidated damages, attorney's fees, and costs.

## VII.  COLLECTIVE ACTION ALLEGATIONS

37. Empire's pre-June 2018 illegal compensation plan extends beyond Tanner.

38. It is Empire's pre-June 2018 illegal compensation plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006).

39. Empire has paid more than 40 Store Managers according to the same unlawful scheme during the past 3 years.

40. The workers impacted by Empire's illegal compensation plan should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

41. Therefore, the class is properly defined as:

> **All former, present, and future employees of Empire who have been, are, and/or will be employed as Store Managers during the time period March 29, 2016 through the trial of this action.**

## VIII.  CAUSE OF ACTION

42. By failing to pay Tanner and the FLSA Employees overtime at 1.5 times their regular rates, Empire violated the FLSA's overtime provisions.

43. Empire owes Tanner and the FLSA Employees the difference between the rate actually paid and the proper overtime rate.

44. Because Empire knew, or showed reckless disregard for whether their pay practices violated the FLSA, Empire owes these wages for at least the past three years.

45. Empire is liable to Tanner and the FLSA Employees for an amount equal to all unpaid overtime wages as liquidated damages.

46. Tanner and the FLSA Employees are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## IX.  JURY DEMAND

47. Tanner demands a trial by jury.

## X.  RELIEF SOUGHT

48. WHEREFORE, Tanner prays for judgment against Empire as follows:

(a) For an order allowing this action to proceed as a collective action and directing notice to the class;

(b) For an order pursuant to section 16(b) of the FLSA finding Empire liable for unpaid back wages, and an equal amount of liquidated damages, due to Tanner and the FLSA Employees;

(c) For an order awarding Tanner and the FLSA Employees the costs of this action;

(d) For an order awarding Tanner and the FLSA Employees their attorneys' fees;

(e) For an order awarding Tanner and the FLSA Employees unpaid benefits and compensation in connection with the FLSA violations;

(f) For an order awarding Tanner and the FLSA Employees pre- and post-judgment interest at the highest rates allowed by law; and

(g) For an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: ***/s/ Rex Burch***
 Richard J. (Rex) Burch*
 Texas Bar No. 24001807
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

Michael A. Josephson*
Texas Bar No. 24014780
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, TX 77046
(713) 352-1100 [Telephone]
(713) 352-3300 [Fax]

*- *Pro Hac Vice* Pending

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**