UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TABITHA TANNER, on behalf of herself and and all others similarly situated | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:19-cv-0825-SEP |
| EMPIRE FINANCING, CO. LLC, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is the parties' Joint Motion to Approve Settlement. Doc. [35]. For the reasons set forth below, the motion will be granted.

**Facts and Background**

On April 4, 2019, Plaintiff Tabitha Tanner filed this suit in her individual capacity and on behalf of similarly situated employees of Empire Finance ("Empire"), alleging that Empire failed to pay overtime at "1.5 times their 'regular rate'" in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207(a)(1). The FLSA claim was brought as an "opt-in" collective action under FLSA, § 216(b).

**Discussion**

**I.     Court Approval of FLSA Settlements**

"[T]he law is unsettled as to whether the judicial approval of a proposed settlement of FLSA claims is required in the absence of a certified class." *Boland v. Baue Funeral Home Co.*, 4:15-CV-00469RLW, 2015 WL 7300507, at *1 (E.D. Mo. Nov. 18, 2015) (citing *King v. Raineri Constr., LLC*, No. 4:14-CV-1828 (CEJ), 2015 WL 631253, at *1 (E.D. Mo. Feb. 12, 2015). Nonetheless, because declining to review the proposed settlement agreement would leave the parties in an uncertain position, the Court will review the settlement's FLSA-related terms for fairness. *See King*, 2015 WL 631253, at *2; *Carrillo v. Dandan Inc.,* 51 F. Supp. 3d 124, 131 (D.D.C. 2014) ("If the parties privately settle FLSA claims and seek dismissal of the suit by filing a Rule 41 motion, the private settlement may be unenforceable if the employer attempts to enforce the employees' waiver of claims per the settlement at a later date." ); *Picerni v. Bilingual*

1

*Seit & Preschool Inc.*, 925 F. Supp. 2d 368, 372 (E.D.N.Y. 2014) ("[U]ntil some court determines that there was a bona fide dispute as to how much plaintiff was owed in wages, and that the offer of judgment fairly compromises it, the employer has not eliminated its risk [of exposure to future litigation]."). "[R]eview of a proposed FLSA settlement," however, "is properly limited only to those terms precisely addressing the compromised monetary amounts to resolve pending wage and overtime claims." *Carrillo*, 51 F. Supp. 3d at 134.

## II.     The Proposed Settlement

"A district court may only approve a settlement agreement in a case brought under § 216(b) of the FLSA after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties." *Pendergrass v. Bi-State Utils. Co.*, No 4:18-CV-01092-NCC, 2019 WL 3532005, at *1 (E.D. Mo. Aug. 2, 2019) (citing *Williams v. BPV Mkt. Place Invs., L.L.C.*, No. 4:14-CV-1047 CAS, 2014 WL 5017934, at *1 (E.D. Mo. Oct. 7, 2014)). "A settlement is bona fide if it reflects a reasonable compromise over issues actually in dispute, since employees may not waive their entitlement to minimum wage and overtime pay under FLSA." *King*, 2015 WL 631253, at *2 (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 115 (1946). The Court finds that the proposed settlement is the product of contested litigation over allegedly unpaid overtime wages. Docs. [35] at 4; [1] ¶ 1.

"In determining whether a settlement is fair and reasonable under FLSA, factors a court may consider include the stage of the litigation and amount of discovery exchanged, the experience of counsel, the probability of plaintiffs' success on the merits, any 'overreaching' by the employer in the settlement negotiations, and whether the settlement was the product of arm's length negotiations between represented parties based on the merits of the case." *King*, 2015 WL 631253, at *2 (citing *Carrillo*, 51 F. Supp. 3d at 132 (taking into account the "totality of the circumstances" to determine the fairness of a FLSA settlement)). "This approach focuses on the fairness of the process used by the parties in reaching a settlement and ensures 'the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights.'" *Ezell v. Acosta*, No. 4:16CV870 RLW, 2019 WL 8160704, at *2 (E.D. Mo. Apr. 4, 2019) (quoting *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y 2013)). In reaching a determination, courts "should be mindful of the strong presumption in favor of finding a settlement fair." *Crabtree v. Volkert, Inc.*, No. 11-0529-WS-B, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013) (noting that "the Court is generally not in as good a position as the

2

parties to determine the reasonableness of a FLSA settlement") (quoting *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009))).

Considering the totality of the circumstances, the Court finds that the parties' proposed settlement is reasonable and fair to all parties. The settlement offers each class member a substantial percentage of his or her estimated unpaid overtime wages for up to three years of employment with Empire. Doc. [35] at 3. It also provides for a "service award" of $5,000 for the named Plaintiff, which is in addition to her disbursement due under the proposed formula. Doc. [35-1] at 3. The Court finds no evidence of overreaching on the part of the Defendant based upon the amount of the settlement proceeds provided to Plaintiff.

The settlement was also reached by arm's length negotiation. All parties involved have been represented by experienced counsel throughout litigation. The parties participated in mediation on November 22, 2019, with Mediator Dennis Gillen, which ultimately resulted in a settlement of Plaintiff's claims. Doc. [35-1] at 1. The fairness of the process by which the proposed settlement was reached, therefore, further ensures a just outcome.

The Court must also assess the reasonableness of Plaintiffs' attorney fees in a proposed FLSA settlement, even when the fee is negotiated in the settlement rather than through judicial determination. *Boland*, 2015 WL 7300507, at *3. Attorney's fees in FLSA settlements are examined "to ensure that 'the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients.'" *Lliguichuzhca*, 948 F. Supp. 2d at 366 (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012)). In a private FLSA action where the parties settled on the fee though negotiation, "there is a greater range of reasonableness for approving attorney's fees." *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 CV4377 (KAM)(CLP), 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)).

Here, Plaintiffs' counsel did not submit billing records detailing the amount of time expended on the case, but "this settlement represents the culmination of nearly a year's worth of investigation, litigation, and negotiation." Doc. [35] at 1. The terms of the proposed agreement provide Plaintiffs' attorneys with $50,000 of the$150,000 total settlement amount. *See e.g.*, *Nyazee v. MBR Mgmt. Corp.*, No. 4:14-CV-01561-AGF, 2016 WL 126363, at * 2 (E.D. Mo. Jan. 12, 2016) (finding attorneys' fees of $75,000—one-third of the total settlement amount—to be reasonable). The Court notes that "[n]one of the amounts being offered to the employees

3

covered by the Settlement Agreements will be reduced for attorney's fee, expenses or administrative costs." Doc. [35] at 3.  The amount of attorneys' fees requested by Plaintiffs' counsel is not opposed by Empire and is reasonable based on the amount of time and effort expended on this case.  *See Boland*, 2015 WL 7300507, at 3.  Moreover, "any reluctance of the Court to approve the settlement 'is not sufficient to overcome the presumption in favor of allowing parties to settle their own disputes, particularly where, as here, the settlement represents a bona fide settlement of disputes of material fact where the range of possible outcomes differs substantially.'" *King*, 2015 WL 631253, at *4 (quoting *Carrillo*, 51 F. Supp. 3d at 134).

       Lastly, the Court reiterates that it has reviewed and approved only the material terms of the proposed settlement as they relate to Plaintiffs' FLSA-claims.  "No opinion is necessary as to the enforceability of [other] terms and none is given.  The Court's review of a proposed FLSA settlement is properly limited only to those terms precisely addressing the compromised monetary amounts to resolve pending wage and overtime claims." *King,* 2015 WL 631253, at *4 (quoting *Carrillo*, 51 F. Supp. 3d at 134).

       Accordingly,

       **IT IS HEREBY ORDERED** that the Joint Motion to Approve Settlement (Doc. [35]) is **GRANTED**.

Dated this 11th day of December, 2020.

*[signature]*

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE